## BETZ v HART

Ohio Common Pleas, Butler Co

Decided Nov 25, 1935

John D. Andress, Hamilton, for plaintiff. Williams, Sohngen, Fitton & Pierce, Hamilton, for defendant.

### OPINION

By BOYD, J.

In this action the plaintiff has joined in his amended petition a cause of action for the wrongful death of one Charles Ellis Betz, together with a cause of action for damages to his automobile. To that amended petition the defendant has filed a demurrer on the ground that the two causes of action contained in said amended petition are improperly joined.

The wrongful and negligent acts averred in the amended petition are precisely and identically the same wrongful and negligent acts of the defendant which give rise to each of the causes of action set forth in said amended petition. It is well settled that the two causes of action, although prosecuted by the same personal representative, are not in the same right.

Railway Co. v VanAlstine, 77 Oh St, page 396, 83 NE 601, 14 L.R.A. (N.S.) 893.

Secs 10770 and 10772 GC provide an independent cause of action for the benefit of persons named in §10772 GC where death has resulted from the injuries, to recover for such damages resulting from such death, where such right arises from a wrongful act, neglect, or default such as would have entitled such person to maintain an action and recover damages in respect thereof, if death had not ensued.

See The May Coal Co. v Robinette, 120 Oh St page 110.

The other cause of action, to-wit: damages to the automobile, is an action which survives the death of the injured party, and our statutes require it to be prosecuted in the name of the administrator, the same as the ce th action.

See 11309 GC, part 8, provides for the filing of a demurrer on the ground that several causes of action are improperly joined.

See 11306 GC provides that certain causes of action may be joined and then enumerates about ten classes of cases which may be joined, but §11307 GC provides as follows:

"Must effect all parties.—The causes of action sc united must not require different places of trial, and, except as otherwise provided, must affect all the parties to the action."

It is the opinion of this court that the real parties in interest are not exactly the same, and the causes of action joined in this amended petition are not identical. The cause of action for wrongful death under §10772 GC is to be prosecuted by the administrator for the exclusive benefit of the wife or husband and children, or if there be neither of them, then of the parents and next of kin of the decedent.

The common law action which existed prior to the death of the decedent, for damages to the automobile and prosecuted under §11235 GC, is for the benefit of the estate.

The alleged wrongful death is the foundation of the one action. In the case of the survivor again, the administrator sues as legal owner of the general personal estate which has descended to him in the course of law. In the death case he sues as trustee in respect of a different right altogether on behalf of particular persons designated in the act, and while the administrator is authorized to prosecute one action as well as the other, the two actions are entirely different.

See Railway Co. v VanAlstine, supra.

It is well settled that a recovery and satisfaction in one case is not a bar to a recovery and satisfaction in another.

The authorities in Ohio are few. It is stated by Bliss on Code Pleading, a very highly respected authority, page 155, §117—

"The causes of action must be between the same parties in the same right.—The pleader will not be likely to overlook the express requirement that, in the joinder of causes of action, they must affect all the parties to the action. But the several causes thus united must not only affect the same parties, but they must be affected in the same right."

Bates' Pleading, Practice, Parties & Forms, 4th Edition, page 1214, §1317, is as follows:

"Joinder of causes of action.—As plaintiff recovers for the benefit of the next of kin, he cannot join a claim for damages for which the recovery is in a different right caused by the same wrong."

It seems that the Supreme Court of Ohio has made it clear in the case of Railway v Van Alstine, also Coal Co. v Robinette, supra, that these two causes of action are separate and distinct causes of action and are to be prosecuted by the administrator, but for the benefit of a class of persons who may or may not be exactly the same and it is further pointed out in Coal Co. v Robinette, by the court, that the administrator in the wrongful death case sues as trustee in respect of a different right altogether on behalf of the persons named in the statute, while the action for damages which survives was prosecuted for the benefit of the personal estate of the deceased.

This view is sustained under the subject "Joinder of Causes of Action" in 1 R.C.L. page 366, and it is the opinion of this court that when §11307 GC states—"that the cause of action so united * * * must affect all the parties to the action"—that it means they must affect the real parties in interest in the same right.

Being of the opinion that the real parties in interest in the two causes of action are not the same, and are not prosecuted in the same right, the court thinks that the two causes of action are improperly joined and that the demurrer should be sustained.